# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2020 KA 0393

## STATE OF LOUISIANA

## VERSUS

## JIMMY DEAN SHAFFER

Judgment Rendered: **FEB 1 9 2021**

\* \* \* \* \*

On Appeal from the
20th Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Trial Court No. 17676

Honorable William G. Carmichael, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Samuel C. D'Aquilla<br>District Attorney<br>Tiffany B. Ashley<br>Assistant District Attorney<br>Clinton, LA | Attorneys for Plaintiff-Appellee,<br>State of Louisiana |
| | |
| Gwendolyn K. Brown<br>Baton Rouge, LA | Attorney for Defendant-Appellant,<br>Jimmy Dean Shaffer |

\* \* \* \* \*

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**HESTER, J.**

The defendant, Jimmy Dean Shaffer, was charged by grand jury indictment with indecent behavior with juveniles (victim under the age of thirteen), a violation of La. R.S. 14:81(H)(2), and pled not guilty. He waived his right to a jury trial and, following a bench trial, was found guilty as charged. The defendant was sentenced to fifteen years imprisonment at hard labor, five years suspended, two years without the benefit of probation, parole, or suspension of sentence, and five years of probation to begin upon discharge from custody. He moved for reconsideration of sentence, but the motion was denied. The defendant now appeals, challenging his sentence as excessive and challenging the denial of the motion to reconsider sentence. For the following reasons, we affirm the conviction and sentence.

## FACTS

The victim, A.K.,[1] was nine years old at the time of trial and seven years old at the time of the incident in 2017. According to the victim, the defendant made her touch him "in his penis." The victim told her mother that the defendant had taken her hand and "put it in his pants on his private part."

The victim and her mother lived with G.C., who had "been with" the victim's mother since 2011 or 2012 and had "been raising" the victim since she was two or three years old. After G.C. was laid off in Florida, he and the victim's mother were "having a hard time." Thereafter, G.C., the victim, and her mother moved to Norwood to live with G.C.'s aunt and uncle. Following an argument between G.C. and his uncle, G.C. moved into the defendant's trailer in Norwood, Louisiana in East Feliciana Parish. The defendant is the brother of G.C.'s uncle. Subsequently, the victim and her mother moved from G.C.'s aunt and uncle's home to the defendant's trailer.

---

[1] The victim is referenced herein only by her initials. See La. R.S. 46:1844(W).

2

The incident occurred on May 3, 2017 at the defendant's trailer. Approximately one week before that date, G.C. and the defendant had argued because the defendant refused to comply with the victim's mother's request that the defendant not lie down on the couch with the victim to watch television.

On the day of the incident, the victim's mother left to run an errand, and G.C. went outside with the defendant to cut a watermelon. Shortly thereafter, the defendant "disappeared." G.C. went into the trailer and saw the defendant "in the bed[,] laying down with [the victim]." G.C. told the defendant, "[d]ude, this ain't cool, you know. [The victim's mother] is upset about it already." The defendant got out of bed and went back outside with G.C.

Later, the defendant went back into the trailer to change his pants and shorts, but then came back outside. However, G.C. then noticed that the defendant was "gone again." G.C. went into the trailer and "the door was shut and [the defendant] was under the covers with [the victim]." G.C. grabbed the defendant and "threw him out of his own room."

The defendant denied that he put the victim's hand "down his pants" or touched her in an inappropriate manner. He claimed the accusations against him were made after he told the victim's family "to get out" because they owed him money for rent.

## EXCESSIVE SENTENCE

In assignment of error number 1, the defendant contends the district court erred by imposing an excessive sentence. In assignment of error number 2, the defendant contends the district court erred in denying the motion to reconsider sentence. The defendant combines the assignments of error for argument, contending the district court failed to give adequate consideration to the factors designated in Louisiana Code of Criminal Procedure article 894.1 as appropriate for consideration when tailoring a sentence.

3

Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979). A sentence is constitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless imposition of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. A district court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. **State v. Lobato**, 603 So.2d 739, 751 (La. 1992); **State v. Eason**, 2019-0614 (La. App. 1st Cir. 12/27/19), 293 So.3d 61, 73.

The Louisiana Code of Criminal Procedure sets forth items that must be considered by the district court before imposing sentence. See La. Code Crim. P. art. 894.1. The district court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the district court's stated reasons and factual basis for its sentencing decision. Remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. **Eason**, 293 So.3d at 73.

Whoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older,[2] shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit

---

[2] At sentencing, the defendant indicated he was fifty-five years old.

of parole, probation, or suspension of sentence. La. R.S. 14:81(H)(2). The defendant was sentenced to fifteen years imprisonment at hard labor, five years suspended, two years without the benefit of probation, parole, or suspension of sentence, and five years of probation to begin upon discharge from custody.

In sentencing the defendant, the district court noted it had considered "all the aggravating and mitigating factors in Article 894.1 of the Code of Criminal Procedure." The court found the evidence indicated the defendant had been on a bed with the seven-year-old victim[3] on more than one occasion after being told that the victim's mother objected to him being in bed with the victim. Thereafter, the defendant placed the victim's hand on his genitals. The court found there was "nothing to justify or excuse [the defendant's] conduct." The court noted three aggravating factors. (R. 87, 227). First, the victim was "vulnerable because of her youth." Second, the court found the defendant's repeated lying on a bed with the victim "reveal[ed] a disturbing pattern of behavior which [could] be considered as grooming of the victim." Third, the court noted the defendant's criminal history revealed a felony conviction as well as misdemeanor arrests.

Additionally, the court found that all three Article 894.1(A) sentencing guidelines for imposing imprisonment applied to the defendant. First, the court found that there was an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime. The court noted the defendant's actions leading to the event resulting in his conviction suggested "a propensity for inappropriate interest in young children." Second, the court found the defendant was in need of correctional treatment or a custodial environment that could be provided most effectively by his commitment to an institution. The court stated there was no evidence that the offense was justified and the defendant was "in

---

[3] The district court initially stated that the victim was seventeen years old but subsequently corrected itself to note that the victim was seven years old.

need of correctional treatment provided by commitment to an institution." Third, the court found that a lesser sentence than the sentence imposed would deprecate the seriousness of the defendant's crime. The court noted "[a]n innocent child was victimized."

A thorough review of the record reveals the district court adequately considered the criteria of Article 894.1 and did not manifestly abuse its discretion in imposing the sentence herein. See La. Code Crim. P. art. 894.1(A)(1), (A)(2), (A)(3), (B)(2), (B)(6), and (B)(21). Further, the sentence imposed was not grossly disproportionate to the severity of the offense, and thus, was not unconstitutionally excessive. Additionally, the district court did not abuse its discretion in denying the defendant's motion for reconsideration. The defendant's assignments of error are without merit.

**CONVICTION AND SENTENCE AFFIRMED.**